Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 1958 | **DATE** | June 2, 2011 |
| **CASE TITLE** | *McCadd v. Murphy* | | |

**DOCKET ENTRY TEXT**

Pretrial conference held. Contrary to what was said in the pretrial conference, trial will begin at 9:30 a.m., consistent with the 2/24/2011 order. The plaintiffs shall respond to the defendants' Motion in Limine #13 [90-1] by noon on June 6, 2011; the defendants shall reply by June 7, 2011. By stipulation, defendant John Elstner is dismissed from the case with prejudice. The plaintiffs shall file their reply in support of their Motion in Limine #6 [86-1] by June 7, 2011. The various issues raised during the parties' pretrial conference are resolved as detailed below.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

During the parties' pretrial conference held June 2, 2011, the court took under advisement various evidentiary issues. Those issues are resolved as follows.

**1.   Defense Counsel's Inspection of the McCadd Home**

Defense counsel sought an order from the court allowing him to tour the plaintiffs' home, the scene where most of the alleged constitutional violations occurred. However, counsel admits that the defendants never sought to inspect the home during discovery and, indeed, never sought pictures of the interior of the McCadd home. The defense's eve-of-trial request to tour the McCadd's home is unreasonable, especially in light of the fact that defense counsel did not first make the less onerous request for pictures of the home. Accordingly, the request for an order allowing counsel to tour the plaintiffs' home is denied.

**2.   Evidence of the June 1, 2011 Arrest of Harold McCadd**

The defendants have moved to allow evidence of or testimony about the June 1, 2011, arrest of plaintiff Harold McCadd. The defendants contend that evidence of his arrest is admissible under Federal Rule of Evidence 404(b) because the circumstances surrounding the June 1 arrest are strikingly similar to those that led officers to conduct a search and arrest Harold, which are the subjects of the plaintiffs' false arrest and illegal search claims. The defendants contend that the similarities establish modus operandi. However, the issue relevant in this civil proceeding is not McCadd's guilt or innocence but, rather, what officers knew at the time they obtained a warrant to search the McCadd home and arrest Harold. Events that occurred after the search and arrest have no bearing on whether officers possessed probable cause to conduct the search and effect the arrest. Accordingly, the motion to admit evidence of Harold's June 1, 2011, arrest is denied.

| STATEMENT |
|---|

**3.  Clarification of Court's Order on Plaintiffs' Motion in Limine #1**

The plaintiffs sought clarification of this court's May 25, 2011, ruling on their motion in limine #1. In that order, the court held that defendant officer William Murphy could testify that he used evidence of Harold McCadd's March 25, 2004, arrest for cocaine possession to the extent that Murphy testifies he used information in that arrest to corroborate information obtained from a confidential informant. The court acknowledged that during his deposition, Murphy testified that he used the arrest for the limited purposes of verifying Harold McCadd's address. The court further held that to the extent that Murphy testifies at trial that he used the arrest for more than to verify Harold McCadd's address, for instance, that he used the fact that the arrest was for cocaine possession, the plaintiffs could seek to impeach Murphy with any prior inconsistent deposition testimony. The court trusts that its ruling is now clear to the parties.

rs/cpb