# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 1958 | **DATE** | June 6, 2011 |
| **CASE TITLE** | *McCadd v. Murphy* | | |

**DOCKET ENTRY TEXT**

The defendants' motions for reconsideration [99-1] and [100-1] are denied.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Before the court are two motions for reconsideration filed by the defendants, each addressed in turn.

**Motion to Reconsider Exclusion of Harold McCadd's June 1, 2011, Arrest [99-1]**

In an order dated June 2, 2011, this court denied the defendants' oral motion to admit evidence of plaintiff Harold McCadd's arrest for allegedly participating in a drug transaction outside his home. The defendants sought to admit evidence of the arrest under Rule 404(b) as relevant to Harold's *modus operandi*. The court denied the motion because whether Harold did or did not participate in a drug transaction on June 1, 2011, has no bearing on whether the defendants had probable cause to arrest Harold and search his home in 2009, which is determined based on what officers knew at the time of the search and arrest.

The defendants now ask the court to reconsider its decision. They begin their motion by asserting that the court neglected to address two other possible bases for admitting evidence of Harold's recent arrest: (1) the arrest is relevant to the question of damages, and (2) the arrest is relevant to the voluntariness of Anna McCadd's consent to search her home. But then instead of discussing either of those bases, the defendants proceed to regurgitate their argument that the June 1, 2011, arrest is relevant to Harold's *modus operandi*.

A motion to reconsider is not an opportunity to reassert rejected arguments. *See Ortiz v. City of Chicago*, 09 CV 2636, 2011 WL 1897187, at *1 (N.D. Ill. May 18, 2011). As the court explained in its June 2, 2011, order, the issue relevant in this civil proceeding is not McCadd's guilt or innocence but, rather, what officers knew at the time they obtained a warrant to search the McCadd home and arrested Harold. Because the June 1, 2011, arrest is not information known to officers in 2009, the arrest is not relevant to whether officers had probable cause to search the McCadd home and effect their arrest of Harold.

Nevertheless, in the motion to reconsider, the defendants contend that they are entitled to present evidence of the 2011 arrest to rebut evidence that no drugs were found either on Harold or in the McCadd home on January 23, 2009, evidence the defendants anticipate the McCadds will present to show that officers lacked probable cause for the January 23 search. However, evidence that no drugs were found is as irrelevant to the

issue of probable cause for the January 23 search as is Harold's 2011 arrest—both are facts unknown to officers at the time they initiated the January 23 search. *See Beauchamp v. City of Noblesville*, 320 F.3d 733, 742-43 (7th Cir. 2003) (in determining whether a search was supported by probable cause, the court looks to what officers knew at the time, not with the benefit of hindsight).

For these reasons, the motion to reconsider is denied.

**Motion to Reconsider Court's Denial of Summary Judgment [100-1]**

Next, the defendants ask the court to reconsider its denial of their motion for summary judgment. Specifically, they argue that, as a matter of law, the defendants' February 18, 2009, search of the McCadd home was supported by probable cause because it was conducted pursuant to a search warrant.

When, as here, a warrant is obtained based on information obtained from a confidential informant, the probable cause determination must take into account the informant's credibility. *See United States v. Bell*, 585 F.3d 1045, 1049-50 (7th Cir. 2008). Relevant factors include: "(1) the extent to which police corroborated the informant's statements; (2) the degree to which the informant acquired knowledge of the events through first-hand observation; (3) the amount of detail provided; (4) the interval between the date of the events and the police officer's application for the search warrant; and (5) whether the informant appeared before the issuing judge so that the judge could assess the informant's credibility." *Id.* at 1050.

As the court explained in the December 21, 2010, order denying summary judgment, the record before the court was inadequate to determine whether officers had adequately assessed the informant's credibility. For instance,

> Although defendant officer Murphy testified that the informant had provided information in the past that had led to arrests, he admitted that he could not remember any specific individuals arrested as a result of information obtained from the informant, had never before obtained a warrant based upon information from the informant, and that the informant was more of a "John Doe" than a "confidential informant" whose history of reliability had been tested.

Memorandum and Order dated December 21, 2010 [70-1] at 11-12. When the relevant facts are unknown or in dispute, the court cannot determine the existence of probable cause as a matter of law. *See United States v. Carlisle*, 614 F.3d 750, 754 (7th Cir. 2010) (the court can find that probable cause supported the issuance of a warrant only if the relevant facts are not in dispute). The defendants have attempted to cure the deficiencies in the record that existed at the time the court ruled on the motion for summary judgment by attaching to the motion for reconsideration additional evidence. But a motion for reconsideration is not a proper vehicle for supplementing the record. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (a motion for reconsideration "is not a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could have, and should have, been presented to the district court prior to the judgment") (internal quotation marks and citation omitted).

According, this motion for reconsideration is also denied.