# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 1958 | **DATE** | June 14, 2011 |
| **CASE TITLE** | | *McCadd v. Murphy* | |

**DOCKET ENTRY TEXT**

The plaintiffs' motion in limine #6 [86-1] is granted in part and denied in part as detailed below.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

---

## STATEMENT

The plaintiffs have filed a motion in limine to bar questions of witness Chandra Wells on the following subjects: (1) prior arrests and convictions; (2) past drug use; (3) reliance on food stamps and public aid; (4) alcohol abuse or rehabilitation; (5) whether she saw Harold McCadd use drugs in his home; (6) whether Harold's sister barred his friends from his home and locked the basement and side doors in response to the February 18, 2009, search of the home; (7) Harold McCadd's drinking habits; (8) Wells' opinions of Harold McCadd, including that he is a "con artist;" (9) Wells' employment history; and (10) Wells' marital history, her children, and their fathers.

The defendants respond that they do not intend to question Wells about topics 1 through 5, 9, or 10, so the motion to bar questions on those topics is granted.

In response to topic 7, the defendants state that they intend to question Wells only about whether Harold McCadd drank the day of the first search of his home (January 23, 2009) or the second search and arrest (February 18, 2009). The plaintiffs concede that questions about Harold McCadd's use of alcohol on those days would be appropriate and so, with that limitation in place, the motion to bar is denied.

What remains are the motion to bar questions about steps Harold's sister took to bar his friends from his house, and Wells' opinion that Harold is a con artist.

### Harold's Friends

During her deposition, Chandra Wells testified that Harold's friends no longer hang out with him at his home because after the February 18, 2009, search of his home, his sister put locks on several doors and forbade Harold's friends from entering the home. The plaintiffs contend that such evidence is irrelevant and unduly prejudicial, but develop no argument and cite no authority in support. The defendants respond that such evidence is relevant to the issue of damages because during his deposition, Harold claimed that his life has changed for the worse because his friends now look down upon him and many no longer visit him as a result of the allegedly illegal search and false arrest. *See* McCadd Deposition (attached as Exhibit A to Defendant's

Response [88-1] at 123-25 (testifying that a "lot of things have changed and affect how people approach me because of this stigma that has been put on" him and that only a few of his friends still call on him).

Wells' testimony would be relevant to the issue of damages because it would support the defendants' contention that Harold's friends no longer come around because of his sister, not because the defendants' conduct has saddled him with a bad reputation. Accordingly, the motion to bar such testimony on the basis that it would either be irrelevant or unduly prejudicial is denied.

### *Wells' Opinion Testimony*

During her deposition, Wells offered the following description of Harold McCadd:

> if he needs money or he running out, you can tell he is on the hunt for something and he do whatever he has to do to make his money . . . Do what he do all the time, hustling people or either talking them out of their cash or whatever they do. Talking them out of, you know, dope or whatever he wanted like he usually do. He talk me out of my drink or talk me out of my little money. I ain't trying to hear it. He's a con artist. He do what he got to do. That's what he do best.

Wells Deposition (attached as Exhibit B to Defendants' Response [88-1]) at 104-05. The plaintiffs seek to bar the defendants from eliciting such testimony from Wells at trial, contending that the testimony would be irrelevant and unduly prejudicial (again without a developed argument or citations to authority). The defendants respond that such testimony is admissible under Federal Rule of Evidence 608 as evidence of Harold McCadd's character for truthfulness or untruthfulness.

While Rule 608 permits evidence of opinion and reputation of a witness' truthfulness or untruthfulness, it generally prohibits evidence of specific instances of conduct of a witness. *See* Fed. R. Evid. 608(a), (b). However, while evidence of a specific instance of conduct is inadmissible during the direct examination of an opinion or reputation witness, it can be used during the cross-examination of that witness. *See* Fed. R. Evid. 608(b)(2) (evidence of specific conduct is admissible if it concerns "the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.").

A motion in limine to exclude evidence should be granted only if the evidence is inadmissible on all potential grounds. *See Steck v. Bimba Mfg Co.*, 96 CV 7442, 1997 WL 685003, at *1 (N.D. Ill. Oct. 30, 1997). Because evidence of specific instances of Harold McCadd's conduct may be admissible during the cross-examination of opinion or reputation witnesses, the motion in limine is denied.

rs/cpb